UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., | |
| Plaintiff, | No. 21 C 1786 |
| v. | Judge Thomas M. Durkin |
| BLUE CROSS & BLUE SHIELD OF NEBRASKA; and BLUE CROSS & BLUE SHIELD OF ILLINOIS, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Advanced Physical Medicine of Yorkville alleges that it was denied payment for chiropractic services by its patient's insurer. It brings claims for violations of the federal Employment Retirement Income Security Act against Defendants Blue Cross & Blue Shield of Nebraska ("BCBS Nebraska") and Blue Cross & Blue Shield of Illinois ("BCBS Illinois"). Each defendant has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 23; R. 27. Those motions are granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

The health benefits plan at issue is Blue Cross Nebraska Plan Code 263/763. Plaintiff alleges that BCBS Nebraska is the "plan administrator," and BCBS Illinois is the "plan provider." Plaintiff also alleges that all its correspondence regarding its claim for payment has been with "Defendants." In Count I of the complaint, Plaintiff seeks recovery of benefits due under the plan pursuant to 29 U.S.C. § 1132(a)(1)(B). In Count II, Plaintiff seeks statutory penalties for Defendants' failure to provide "a copy of the latest updated summary plan description ('SPD')," in violation of 29 U.S.C. § 1132(a)(1)(A).

BCBS Nebraska attaches to its brief what it says are the relevant SPDs for 2018 and 2019. Those documents name the plan as the "First National of Nebraska, Inc. Welfare Benefit Plan," and the "Employer" (presumably the Patient's employer) and "Plan Sponsor" as "First National Bank of Omaha." *See* R. 28 at 80 (p. 66) (plan effective date Jan. 1, 2018); R. 28-1 at 80 (p. 66) (plan effective date Jan. 1, 2019). First National Bank of Nebraska was the "Plan Administrator" in 2018, and First National Bank of Omaha held that position in 2019. BCBS Nebraska is listed as providing "contract administration of this plan," or in other words it "provides administrative claims payment services only and does not assume any financial risk or obligation with respect to claims." *Id.* Plaintiff concedes that these are true copies of the relevant SPDs. *See* R. 31 at 1. But Plaintiff, of course, disputes the legal significance of these documents to its claims.

## Analysis

### I.  Anti-Assignment

To bring an action under ERISA, a party must be a participant, beneficiary, or fiduciary of the Plan. *See* 28 U.S.C. § 1132(a). Plaintiff is none of these and relies on an assignment of claims from the Patient, who is a beneficiary. *See* R. 1 ¶ 3.

On several occasions, the Seventh Circuit has held that "claims for welfare benefits . . . are assignable." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002). However, an ERISA plan can prohibit assignment of claims. *See id.* (assignment is permitted so long as "the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar"); *see also Hoogenboom v. Trustees of Allied Servs. Div. Welfare Fund*, 2022 WL 874662,

3

at *4 (N.D. Ill. Mar. 24, 2022). The Seventh Circuit recently affirmed summary judgment the plaintiff medical provider on a claim which was invalidly assigned to the provider under to the terms of the plan. *See Griffin v. Seven Corners, Inc.*, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021).

Here, the SPD contains an anti-assignment clause. *See* R. 28 at 53 (p. 39); R. 28-1 at 54 (p. 40). Plaintiff does not dispute that this clause prohibits assignment. Rather, Plaintiff argues that the SPD is not "the Plan," and only the terms of the Plan can prohibit assignment. But the SPD is one of the Plan documents. *See* R. 28-1 at 66 (p. 52) (defining the "Plan Document" to include "this SPD"); *see also* R. 28-1 at 71 (p. 57) (same). The SPD might not be the entire Plan, but it is certainly part of the Plan. So the fact that the SPD contains an anti-assignment clause means that the Plan contains an anti-assignment clause.

Plaintiff also argues that Defendants have waived enforcement of the anti-assignment clause "by never asserting it during the administrative review process." R. 31 at 3-4. But while ERISA provides that only beneficiaries, participants, and fiduciaries may bring a lawsuit for payment of a claim, ERISA regulations also permit "authorized representatives" to seek payment during the administrative process. *See* 29 C.F.R. § 2560.503-1(b)(4). Accordingly, the SPD in this case provides that in-network providers "will file the Claim . . . on [the Patient's] behalf." R. 28 at 53 (p. 39). This broader class of permissible claimants shows that processing claims made by "authorized representatives" during the administrative process is not a waiver of a prohibition on *assignment* of claims for purposes of a lawsuit. Indeed, Courts

4

routinely enforce anti-assignment clauses and dismiss lawsuits for payments of benefits "despite provisions allowing direct payment to providers." *LB Surgery Ctr., LLC v. Boeing Co.*, 2017 WL 5171222, at *4 (N.D. Ill. Nov. 8, 2017) (citing cases).

Plaintiff cites a recent Ninth Circuit case that found waiver of an anti-assignment clause because the insurance company processed a claim filed by a provider on behalf of the patient during the administrative process. *See Beverly Oaks Physicians Surgical Center, LLC v. Blue Cross Blue Shield of Illinois,* 983 F.3d 435, 441 (9th Cir. 2020). But in *Beverly Oaks*, the provider expressly stated in paperwork from the beginning of the administrative process that it was proceeding as the beneficiary's assignee. There is no analogous allegation here. Simply pursuing a claim during the administrative process is not an indication that the claim has been assigned because, as discussed, "authorized representatives" customarily participate in the administrative process without assignment. To the extent that *Beverly Oaks* can be understood to have implications beyond its facts, it is a non-binding outlier that is contrary to Seventh Circuit precedent, and this Court will not follow it.

Thus, the Court finds that the anti-assignment clause in this case is a sufficient basis to dismiss all claims against both defendants.

## II. Count II – Claim for Statutory Penalties

Even if the anti-assignment clause did not apply here, Count II would be dismissed for an additional reason. In Count II, Plaintiffs seek statutory penalties for Defendants' failure to provide the SPD. The Seventh Circuit has held that ERISA imposes this disclosure requirement on only the "plan administrator." *See Mondry v.*

5

*Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("Consistent with the terms of these statutory provisions, this court and others have held that liability under section 1132(c)(1) is confined to the plan administrator and have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek."). As discussed, the relevant SPD shows that neither of the defendants are the "Plan Administrator." Thus, Defendants are not liable for statutory penalties here.

Plaintiff argues that the SPD is not "the Plan," and so is not conclusive as to the identity of the "Plan Administrator." The Court has already explained above that the SPD is part of the Plan. Furthermore, Plaintiff's argument rings hollow, because the SPD is the very document Plaintiff seeks penalties for having not been disclosed. The SPD is simply a summary of the Plan terms, including the identity of the "Plan Administrator." Presumably, that's why the Plaintiff sought it in the first place and brought suit for it here. Furthermore, there is no reason to believe that additional parts of the Plan would contradict the SPD.

Plaintiff argues further that Defendants should be liable for failure to disclose the SPD because they held themselves out as the "plan administrators." *See* R. 31 at 2. The Seventh Circuit addressed a similar equitable estoppel argument in *Mondry*. The court noted that for such an argument to be successful, the plaintiff would need to "establish the elements of equitable estoppel," including having "suffered harm as a result." *Mondry*, 557 F.3d at 795. Plaintiff does not allege that it was harmed by the failure to receive the Plan documents beyond the benefits it claims are due, for

6

which there is separate statutory right to recovery. Absent circumstances indicating that it would be equitable to hold Defendants liable for some additional harm caused by their failure to produce the Plan documents, Defendants cannot be liable under §§ 1132(a)(1)(A) and (c)(1) because they are not the Plan Administrators.

## Conclusion

Therefore, Defendants' motions to dismiss [23] [27] are granted. The dismissals are with prejudice because they are based on legal conclusions not amenable to re-pleading. However, Plaintiff is granted leave to amend its complaint to add the entities First National of Nebraska, Inc. Welfare Benefit Plan and First National Bank of Omaha as party defendants for Count I.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: June 8, 2022