**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED PHYSICAL MEDICINE<br>OF YORKVILLE, LTD., an Illinois Medical<br>Corporation, | )<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 21-cv-1786 |
| v. | ) | |
| | ) | |
| FIRST NATIONAL OF NEBRASKA, INC.<br>WELFARE BENEFIT PLAN and FIRST<br>NATIONAL BANK OF OMAHA, | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., by and through its attorneys, LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., and for their Amended Complaint against FIRST NATIONAL OF NEBRASKA, INC. WELFARE BENEFIT PLAN and FIRST NATIONAL BANK OF OMAHA, states as follows:

### Nature of the Action

1.      This action is brought under provisions of the Employee Retirement Income Security Act of 1974 (ERISA) to recover benefits due under the terms of a health benefits plan under 29 U.S.C. § 1132(a)(1)(B) and for statutory penalties pursuant to 29 U.S.C. § 1132(a)(1)(A), as defined in 29 U.S.C. § 1132(c)(1), modified by 29 C.F.R. § 2575.502c–1.

2.      Plaintiff treated patient Justin B. Buck ("Patient") with chiropractic manipulative treatments and therapeutic exercises between the dates of April 20, 2018 and June 10, 2019. These services are covered under Patient's health benefits plan, First National of Nebraska, Inc. Welfare Benefit Plan Code 263/763 ("the Plan"). The Plan is a group health benefits plan subject to ERISA.

3.      Plaintiff is the assignee of benefits for the health care services Plaintiff provided to Patient and Patient's designated authorized representative. Patient has conveyed to Plaintiff all rights to pursue recovery of benefits due under the Plan for these services and to bring derivative actions on his behalf to recover such benefits and to pursue any other available remedies under the law. This assignment was in effect during all times relevant to this Complaint. A true and correct of the Patient Consent and Legal Assignment of Benefits is attached as Exhibit "A."

4.      Count I of this action is brought to recover health benefits due to Plaintiff under the Plan for claims that Defendants arbitrarily and capriciously denied. Count II of this action is brought to collect statutory penalties against Defendants for Defendants' failure to provide Plaintiff with certain Plan documents requested by Plaintiff.

## Parties

5.      Plaintiff Advanced Physical Medicine of Yorkville, Ltd. is an Illinois corporation with its principal place of business located at 207 Hillcrest Avenue, Suite A, Yorkville, Kendall County, Illinois 60560.

6.      Defendant First National Bank of Omaha is the Plan Provider for the Plan, located at 1620 Dodge Street, Stop 3071, Omaha, NE 68917.

7.      Defendant First National of Nebraska, Inc. Welfare Benefit Plan is the Plan Administrator for the Plan, located at 1620 Dodge Street, Stop 3071, Omaha, NE 689170.

## Jurisdiction and Venue

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for all claims asserted in this Complaint. All claims in this complaint pose questions of federal law arising under provisions of ERISA. Additionally, 29 U.S.C. § 1132(e)(1) grants the U.S. district courts exclusive

2

jurisdiction of claims brought under 29 U.S.C. § 1132(a)(1)(A) and concurrent jurisdiction for claims brought under 29 U.S.C. § 1132(a)(1)(B).

9. This Court has personal jurisdiction over Defendants because as Plan Administrator and Plan Provider, Defendants administered the Patient's Plan in the Northern District of Illinois and denied claims upon the Plan's coverage for services rendered in the Northern District of Illinois.

10. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district and under 29 U.S.C. § 1132(e)(2) as the district in which the health benefits plan was administered.

## Common Facts

### Service Dates April 20, 2018 – June 18, 2018

11. Plaintiff provided chiropractic manipulative treatment and therapeutic exercise services for Patient between February 16, 2018 and June 18, 2018 ("the 2018 Services"). The Services were covered under the Plan. As Patient's authorized representative, Plaintiff submitted claims on Patient's behalf to Defendants for the Services. Plaintiff's claims, totaling $6,059.00 for the 2018 Services and 2019 Services (detailed below) are summarized on Exhibit "B."

12. Defendants denied these claims and requested that Plaintiff submit Patient's supporting medical records for further review to determine Patient's benefits. Plaintiff complied and mailed Defendants a complete copy of Patient's medical records. Upon review of the medical records, Defendants asserted that the claimed services were not documented and refused to pay for the services.

13. On August 15, 2018, as Patient's authorized representative, Plaintiff initiated an appeal of the claim denials for the 2018 Services. This appeal included another copy of Patient's

medical records, specifically drawing attention to where each of the services Defendants had asserted were not documented were in fact documented. A true and correct copy of the August 15, 2018 appeal attached as Exhibit "C."

14.     Included with the August 15, 2018 appeal, Plaintiff mailed a written request for a copy of Patient's current Summary Plan Description ("SPD") to Defendants. A true and correct copy of said request is attached as Exhibit "D."

15.     Plaintiff did not receive a response from Defendants regarding the August 15, 2018 request for SPD and an SPD was not furnished. Nor did Plaintiff receive a response to the August 15, 2018 appeal, although Defendants subsequently submitted payment to Plaintiff for the claims for 2018 Services provided on February 16, 2018; February 23, 2018; March 23, 2018; and June 4, 2018. Claims for service dates April 20, 2018, through June 18, 2018 (June 4 excluded), remain unpaid.

16.     Plaintiff mailed Defendants a second request for payment of these unpaid claims on July 29, 2019. Plaintiff never received a reply to this request.

**Service Dates January 10, 2019 – June 10, 2019**

17.     Patient's treatment continued from January 10, 2019 through June 10, 2019 ("the 2019 Services"), and Plaintiff submitted claims for the 2019 Services to Defendants. Plaintiff submitted supporting documentation for the 2019 Services, but Defendants denied said claims, asserting that claims were not documented and not performed.

18.     In response to these denials, Plaintiff submitted an appeal to Defendants on September 18, 2019 for the 2019 Services.  Plaintiff asserted that the medical records included with the claims did in fact document the services that Defendants denied for not being documented and urged Defendants to reverse the adverse benefit determination. Because documentation

submitted for each claim was identical in nature, the denials based on lack of documentation are not justifiable considering similar claims were approved. A true and correct copy of the September 18, 2019 appeal is attached as Exhibit "E."

19.     Included with the September 18, 2019 appeal, Plaintiff mailed a written request for a copy of Patient's SPD to Defendants. A true and correct copy of the September 18, 2019 request for SPD is attached as Exhibit "F."

20.     Defendants responded to Plaintiff's September 18, 2019 appeal on October 8, 2019. Defendants upheld the adverse benefits determination on the same grounds as the original denial, restating that the services were not documented. A true and correct copy of the October 8, 2019 appeal response is attached as Exhibit "G." Plaintiff did not receive a response from Defendants regarding Plaintiff's September 18, 2019 request for SPD, and a copy of the SPD was never furnished.

21.     Plaintiff sent a second appeal regarding the denial of claims for the 2019 Services to Defendants on October 31, 2019. A true and correct copy of the October 31, 2019 appeal is attached as Exhibit "H."

22.     Defendants responded to the October 31, 2019 appeal on November 13, 2019. This response informed Plaintiff that the prior appeal had concluded all appeals options available and did not substantively respond to the appeal. A true and correct copy of the November 13, 2019 appeal response is attached as Exhibit "I."

**<u>Count I: Recovery of Benefits Due Under Plan Pursuant to 29 U.S.C. § 1132(a)(1)(B)</u>**

23.     Plaintiff realleges paragraphs 1-22 as though fully set forth herein.

24.     Plaintiff brings Count I under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due Plaintiff under Patient's Plan that Defendants arbitrarily and capriciously denied.

25.     Plaintiff has exhausted administrative remedies regarding the disputed denials of benefits for the 2018 Services and the 2019 Services.

26.     For the 2018 Services, administrative remedies are considered exhausted under 29 C.F.R. § 2560.503-1(l)(1) because Defendants failed to follow procedures consistent with a full and fair review of Plaintiff's appeal as required by 29 U.S.C. § 1133(2) and defined under 29 C.F.R. § 2560.503-1.

27.     Specifically, as Defendants did not respond to Plaintiff's appeal of the claim denials for 2018 Services in any way whatsoever, Defendants did not follow any of the Plan's appeal procedures. Further, Defendants did not provide Plaintiff notice of the adverse benefit determinations on review within a reasonable period of time as specified in 29 C.F.R. § 2560.503-1(i), nor did Defendants comply with the notice requirements of 29 C.F.R. § 2560.503-1(j), which requires Defendants to provide Plaintiff notice of an adverse benefits determination on review containing specific information about the review process. These violations constitute a failure to follow claims procedures such that administrative remedies are considered exhausted.

28.     For 2019 Services, Plaintiff has exhausted administrative remedies by exercising every appeal opportunity provided under the Plan. *See* Exhibit I, which states "The first level appeal was completed on 10/8/2019. This concludes your appeals options regarding this service."

29.     Alternatively, Defendants administrative remedies for 2019 Services are considered exhausted pursuant to 29 C.F.R. § 2560.503-1(l) because Defendants failed to follow procedures consistent with a full and fair review of Plaintiff's appeal as required by 29 U.S.C. § 1133(2) as defined by 29 C.F.R. § 2560.503-1.

30.     Specifically, Defendants' response to Plaintiff's 2019 Services appeal, attached as Exhibit F, does not comply with the requirements of a full and fair review process in that the

response does not "[r]eference the specific plan provisions on which the benefit determination is based;" or include "[a] statement describing any voluntary appeal procedures offered by the plan and the claimant's right to information about such procedures" as required by 29 C.F.R. 2560.503-1(j)(2) and (4)(i). Instead, Defendants made a general statement that the claims were denied "based on the terms of your coverage" without reference to a specific plan provision and made no mention of the appeals process. These violations constitute a failure to follow claims procedures such that administrative remedies are to be considered exhausted.

31. In plans that allow the Plan Administrator discretion to determine eligibility for benefits, the court reviews adverse benefit determinations on an arbitrary and capricious standard, under which an adverse benefits determination is not upheld in the absence of reasoning to support it. *Hennen v. Metropolitan Life Ins. Co.*, 904 F.3d 532, 539 (7th Cir. 2018).

32. No reasoned explanation for Defendants' adverse benefit determinations exist regarding Plaintiff's 2018 Services and 2019 Services given that the stated reason for the adverse determination (lack of supporting documentation) is not supported based on the Patient's records Plaintiff submitted to Defendants.

33. Plaintiff maintained sufficient records for all of Patient's treatment dates, following the same procedures for collecting and documenting Patient's treatments, responses, outcomes, and goals for each date Plaintiff provided services to Patient. Yet Defendants denied Plaintiff's claims and appeals for some service dates while approving payment for other service dates when the supporting documentation submitted to Defendants for all service dates are identical in form and contents.

34. Defendants' stated reasons for the adverse benefit determinations are arbitrary and capricious given the complete nature of documents submitted to Defendants to consult in making

a determination. Defendants have offered no reasonable explanation in communications to Plaintiff to support the position that the services provided on the 2018 Services and 2019 Services are not adequately documented given the clear and complete documentation provided to them.

35.     Defendants' arbitrary and capricious denial of Patient's benefits entitles Plaintiff to recover the total sum due for services Plaintiff provides on the 2018 Services and 2019 Services in excess of $3,000.00.

WHEREFORE, for the foregoing reasons, Plaintiff ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants, FIRST NATIONAL OF NEBRASKA, INC. WELFARE BENEFIT PLAN and FIRST NATIONAL BANK OF OMAHA, in the amount of $6,059.00 plus attorney's fees and costs and such other relief as this Court deems just.

### Count II: Recovery of Statutory Penalties Pursuant to 29 U.S.C. § 1132(a)(1)(A)

36.     Plaintiff realleges paragraphs 1-35 as though fully set forth herein.

37.     29 U.S.C. § 1132(c)(1)(B), as modified by 29 C.F.R. § 2575.502c–1, provides for a penalty of up to $110.00 per day to be applied to any plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary [. . .] within 30 days."

38.     29 U.S.C. § 1024(b)(4) requires a plan administrator to furnish a copy of the latest updated summary plan description ("SPD") to a participant or beneficiary upon written request. This requirement is contained in the subchapter for which 29 U.S.C. § 1132(c)(1)(B) provides penalties for failure to comply.

39.     Defendants are responsible for administering the Plan in compliance with the requirements of 29 U.S.C. § 1024(b)(4) under the Plan.

8

40.     Plaintiff is a participant or beneficiary under the Plan administered by Defendants under the assignment of benefits attached as Exhibit A. Plaintiff may therefore bring suit against Defendants under 29 U.S.C. § 1132(a)(1)(A) to recover the above referenced statutory penalties.

41.     On two separate occasions Plaintiff gave Defendants a written request for the current SPD of Patient's Plan. First, on August 15, 2018 as provided in Exhibit E, and second on September 18, 2019 as provided in Exhibit F.

42.     Defendants failed to provide the requested SPDs to Plaintiff within 30 days of Plaintiff's requests as required. Defendants had until September 17, 2018 to provide Plaintiff with the SPD for the first request and until October 18, 2019 to provide Plaintiff with the SPD for the second request.

43.     Due to Defendants' failure to provide Plaintiff with the SPDs as required by 29 U.S.C. § 1024(b)(4), Plaintiff is entitled to recover statutory penalties of $110 per day from September 17, 2018 and October 18, 2019, respectively, which continues to increase for every subsequent day Defendants remains delinquent in its duties, and which to date exceed $100,000.

WHEREFORE, for the foregoing reasons, Plaintiff ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants, FIRST NATIONAL OF NEBRASKA, INC. WELFARE BENEFIT PLAN and FIRST NATIONAL BANK OF OMAHA, as follows:

A.     Award Plaintiff the unpaid sum of benefits due under the Plan in excess of $6,059.00 for Defendants' arbitrary and capricious denial of benefits;

B.     Award Plaintiff recovery of statutory penalties as provided in § 1132(c) of $110 per day from September 17, 2018 and October 18, 2019, respectively, for Defendants' failure to

provide requested Plan documents, which to date exceed $100,000 and continue to accrue daily; and

        C.      Award Plaintiff the cost of reasonable attorney's fees as allowed under 29 U.S.C. § 1132(g)(1).

                                    Respectfully submitted,

                                    LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.

                                    By: __*/s/ Kenneth S. McLaughlin, Jr.*_____
                                        One of the Plaintiff's Attorneys

Kenneth S. McLaughlin, Jr.
ARDC No. 6229828
LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.
1 E. Benton Street, Suite 301
Aurora, IL 60505
630-230-8434
630-230-8435 fax
kmclaughlin@ma-lawpc.com